**Fernando Ismael CARRILLO LOPEZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**Nos. 02–72513.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 15, 2004.

Fernando Ismael Carrillo Lopez, Campbell, CA, pro se.

Charles Renso Carrillo Lopez, Campbell, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Fernando and Charles Carrillo Lopez, brothers and natives and citizens of Peru, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.

Petitioners' challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–50 (9th Cir.2003).

Petitioners' challenge to the decision on the merits fails because, even assuming they were credible witnesses, substantial evidence supports the IJ's determination that they failed to establish past persecution or a well-founded fear of persecution. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000) (holding that record did not com-

---

\* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

pel the conclusion that threats constituted past persecution where the petitioner received death threats after testifying in court against subversives); *Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (holding that substantial evidence supported denial of asylum application where petitioner failed to establish past persecution and State Department report on country conditions indicated decline in guerrilla activity).

By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.